[Civ. No. 5425. First Appellate District, Division Two.—November 3, 1926.]

E. A. FAGIN, Respondent, v. FRANK E. SCHILLING, Appellant.

[1] NEGOTIABLE INSTRUMENTS — TRADE ACCEPTANCES — RETURN OF ARTICLES PURCHASED—FAILURE OF CONSIDERATION—DEFENSES.— Where trade acceptances are executed as part of a transaction involving the sale of washing-machines and these machines are returned to the seller, who promises to cancel and return the acceptances, the fact that he takes back said machines is a complete defense to a suit by the seller upon said acceptances; and where all this occurs while the acceptances are in the hands of one who holds them, not as a *bona fide* purchaser, but merely as an accommodation for the seller, and thereafter the acceptances are transferred to another who has all the means for obtaining knowledge that the consideration for the acceptances failed, the same defense is available against this latter transferee.

(1) 4 C. J., p. 1123, n. 46, p. 1201, n. 44; 8 C. J., p. 476, n. 14, p. 477, n. 20, p. 747, n. 48, p. 748, n. 49.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Walter E. Herzinger, Judge. Reversed.

The facts are stated in the opinion of the court.

L. M. Hoefler, Finlay Cook and C. K. Bonestell for Appellant.

Hadsell, Sweet & Ingalls and Lewis Mitchell for Respondent.

THE COURT.—The foregoing cause was heretofore heard by this court and by an order entered herein on March 31, 1926, the judgment of the trial court was reversed. Upon the petition of the respondent a rehearing was granted and the cause re-argued. We are satisfied that the judgment

1. See 19 Cal. Jur. 866.

should be reversed for the reasons given in our former opinion.

Judgment reversed.

The former opinion in the foregoing cause is as follows:

NOURSE, J.—Plaintiff sued upon three trade acceptances each dated May 22, 1922, each in the sum of $140, and payable in 60, 90, and 120 days, respectively. Judgment went for the plaintiff for $527.23 covering principal and interest and an allowance of $92.50 as attorney's fees. The defendant has appealed on the judgment-roll and a bill of exceptions.

The papers in suit were drawn by the defendant to his own order and by him indorsed to the Cadillac Manufacturing Company, of which J. B. Vallen was the owner and manager. They were all delivered to Vallen as part of a transaction whereby Vallen left with the defendant three washing-machines upon the condition that he would take them back if not sold within thirty days. Before their maturity Vallen indorsed and delivered these trade acceptances to G. C. Ringole, whose financial arrangements with Vallen are not made clear. After the date of their maturity Vallen, with the consent of Ringole, assigned them to the plaintiff, to whom Ringole delivered them about a year later on the request of Vallen and without any consideration passing to Ringole from the plaintiff. In the meantime Vallen had received from the defendant the three washing-machines for which the paper had been given and this was well known to Ringole when the transfer was made. The plaintiff was assistant manager and bookkeeper of the Cadillac Company and had all the means of knowledge, if he did not actually know, of the circumstances under which the acceptances were given and held. In his answer the defendant relied on two defenses—that there was a failure of consideration and that the plaintiff did not take through a holder in due course. The trial court found that the allegations of the answer were untrue and the correctness of that finding is the only question before us.

[1.] The evidence is undisputed that the acceptances were executed as part of the transaction involving the sale of the washing-machines and that these had been returned to

Vallen, who promised the appellant to cancel and return the paper. This all occurred while the acceptances were in the hands of Ringole, who held them, not as a *bona fide* purchaser, but merely as an accommodation for Vallen. That the consideration for the paper had failed was known to Vallen and Ringole before the transfer to the respondent was made, and the latter had all the means for obtaining the same knowledge.

That Ringole was not a *bona fide* purchaser of the acceptances appears from his own testimony and this stands without contradiction. He testified that he did not sell them to the respondent, "because I couldn't sell them"; that the sale was made directly by Vallen and that he had merely delivered the acceptances to the respondent under Vallen's instructions. It thus appears that respondent derived his title from Vallen, who was not a holder in due course, and it follows that the acceptances were subject to the same defenses as if they were non-negotiable. (Sec. 3139, Civ. Code.) In an action by Vallen upon these acceptances the fact that he had taken back the machines for which the acceptances had been given would have been a complete defense. Under the code section cited the same defense was available against this respondent and upon the evidence in the record judgment should have gone for the appellant. We cannot, however, make findings in this court and the cause must be sent back for a new trial.

Judgment reversed.

Sturtevant, J., and Langdon, P. J., concurred.